HENRI E. NORRIS, ESQ, DC Bar# 370646
GEORGE HOLLAND Jr. ESQ SB#216735
**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, CA 94612
Telephone (510) 465-4100
Fax: (510) 465-4747
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

IN RE:

  LETICIA B. RAMOS

  Debtor

) Case No. 10-30461
) CHAPTER 7
)
)
)
)
)
) **EMERGENCY EX PARTE MOTION FOR**
) **AN ORDER VACATING AND SETTING**
) **ASIDE THE DISMISSAL FOR DEBTOR'S**
) **CHAPTER 7 PETITION; DECLARATION**
) **OF HENRI E. NORRIS IN SUPPORT**
) **THEREOF**
)
) DATE:
) TIME:
) CRTRM:

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE, ANDREA A WIRUM, US Trustee, AND ALL PARTIES OF INTEREST;

The Debtor, by and through Counsel of Record, hereby moves this Court, on an emergency basis, for an Order setting aside and vacating the dismissal of Debtor's Chapter 7 Case. On April 1, 2010, or as soon as thereafter as the matter may be heard, move for an order Setting aside and vacating the dismissal of above captioned petition.

1. This Court has jurisdiction over this matter pursuant to U.S.C. Section 109 ands 349 and Rules 8002, 9006, 9013, 9022 and 9024 of the Federal Rules of Bankruptcy Procedures. And pursuant to FED. R. CIV. P. 59 (e) & FED. R. CIV. P. 60(b) of the order of the Court dated March 26, 2010, a copy of which was received by the Debtor.

2. Movant is the Debtor in the Chapter 7 Bankruptcy captioned herein.

Respectfully Submitted,

/s/ Henri E. Norris  /s/ George Holland Jr.
Henri Norris,ESQ; George Holland Jr., ESQ
HOLLAND LAW FIRM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## UPON SHOWING OF GOOD CAUSE THE COURT MAY ON ITS OWN DISCRETION ORDER THE PERIOD REDUCED

Rule 9006 of the Bankruptcy Rules provides, in its most pertinent part, as follows:

*"When an act is required to be done at or within a specified time by these rules or by notice given there under or by the order of the court, the court for cause shown may on its own discretion, with or without motion or notice, order the period reduced."*

Local Bankruptcy Rule 9075, et seq, provides that:

*"For cause shown, a party may request emergency motion to be heard on notice shorter than would otherwise be required by the Local Bankruptcy Rules."*

The urgency in this case is debtor is in the process of fighting a foreclosure/eviction and needs the Protection of 11 U.S.C. § 362(a) allowing for an Automatic Stay so that the Movant will be given the relief it so badly needs to restructure her finances, and cure a default if at all possible in a reasonable period of time. Allowing the foreclosure eviction will forever harm the Movant without recourse if the property is lost.

## II.

## DUE TO MISTAKE, INADVERTANCE, SURPRISE OR NEGLECT, THE MOTION SHOULD BE GRANTED

1. Bankruptcy Rules 9024 provides that Federal Rules of Civil Procedure 60 applies in cases under the Code.

2. Debtor request that this Honorable Court consider that Debtor's default was not the Debtor's intention but that their counsel inadvertently uploaded the wrong document. Because of this administrative error, the deadline for submitting the schedules and

required supporting documents were missed by counsel and the error was not the fault of the Debtor. Rule 60 (B) (1) of the FED. R. CIV. P. allows a relief from Judgment, Order or Proceeding.

> On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> (1) mistake, *inadvertence*, surprise, or excusable neglect;

3. As a general rule, courts have treated a timely motion for Vacating and setting aside the dismissal as a motion to alter or amend a judgment *Scott v. Younger* 739 F2.d 1464. 166-167 (9th Cir1984); *Bestran Corp v. Eagle Comtronics, Inc.*, 720 F2.d 1019 (9th Cir.1983). According to F.R.C.P 59(e), a motion to alter or amend a judgment must be served no later than 10 days after entry of judgment. Since the order was entered on March 26, 2010, This motion is being filed in a timely manner under FED. R. CIV. P. 59(e).

4. The Debtor would like the court to reconsider this motion which is timely filed pursuant to Federal Rule of Civil Procedure Rule 60 (C) (1) and it is being made within a reasonable time – and for reasons (1), (2) and (3) are no more than a year after the entry of the judgment or order or the date of the proceeding.

5. Debtors Chapter 7 Petition was dismissed pursuant to 11 U.S.C. 109(h) because counsel, inadvertently failed to file the supporting documents and schedules on time due to an administrative error.

6. The Debtors have a legitimate petition under Bankruptcy Case Number 10-30461 and in the interest of justice and fair play, Debtor's request this court to allow them to proceed with their petition and avail of the Automatic Stay Protection as afforded by Section 362(a) of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, ll premises duly considered, Debtors respectfully moves this Honorable Court, that Debtor's Motion for Order setting aside and vacating the Dismissal of the Chapter 7 case be Granted.

Dated this 1st day of April, 2010

                                        Respectfully Submitted,

                        <u>/s/Henri E. Norris /s/ George Holland Jr.</u>
                        Henri E. Norris, ESQ; George Holland Jr., ESQ
                                  Attorney for Debtor

```
HENRI E. NORRIS, ESQ, DC Bar# 370646
GEORGE HOLLAND Jr. ESQ SB#216735
```
**HOLLAND LAW FIRM**
1970 Broadway, Suite 1030
Oakland, CA 94612
Telephone (510) 465-4100
Fax: (510) 465-4747
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                ) Case No.  10-30461
                                      ) CHAPTER 7
    LETICIA B. RAMOS              )
                                      )
    Debtor                        ) **DECLARATION OF HENRI E. NORRIS**
                                      )
                                      ) DATE:
                                      ) TIME:
                                      ) CRTRM:
                                      )

I, HENRI E. NORRIS, declare under penalty of perjury as follows:

That I am an Attorney at law duly licensed to practice law before the Courts in the District of Columbia and in the United States District Court for the Central District of California. I am the attorney of record, working under the Holland Law Firm, for the Chapter 7 Debtor Leticia B. Ramos.

On February 11, 2010, I filed the "skeleton" Chapter 7 petition on behalf of the debtor.

Case: 10-30461    Doc# 7    Filed: 04/03/10    Entered: 04/03/10 16:25:27    Page 6 of 7

Attached as part of this as (EXHIBIT "B") are the schedules and plans as required to complete the petition which Debtor and counsel have completed but Counsel and staff inadvertantly failed to file.

As can be shown on the documents, the debtor and Office of Counsel completed the paperwork that was dated March 18, 2010. Due to scheduling and clerical errors, the schedules and supporting documents as well as declarations were not uploaded into the case docket and subsequently an order to dismiss was issued by the Courts on March 26. 2010.

The urgency in this case is the debtor is under the protection of an Automatic Stay under Rule 362 from an imminent Foreclosure/Unlawful Detainer. If this Motion is not granted, the debtor and her family and children will lose the protection that would allow her to be left out in the streets with no place to stay.

I declare under penalty of perjury that the foregoing is true and correct and if called to testify, I would and could do so competently. This declaration was executed on the 1st day of April, 2010 in Oakland, California.

Respectfully Submitted,

/s/ Henri E. Norris
Henri Norris, Declarant